## Cassler *v.* Denny et al., Appellants.

*Leases —Coal leases —Minimum royalties —Forfeiture—Confes-
sion of judgment—Amount.*

A coal lease provided for payment of monthly royalty on all coal
mined during the preceding month; it also provided for a yearly
minimum tonnage to be mined and paid for, but did not stipulate
monthly minimum payments. A later section of the lease pro-
vided for a forfeiture and retaking and also authorized confession
of judgment in an amicable action of ejectment upon the failure by
the lessees to perform the requirements of the lease, and contained
a provision for the issuance of a writ of habere facias possessionem
with clause of fi. fa. for costs and royalties due.

The lessees mined a small amount of coal during the leasehold
year, which was not paid for.

Two months prior to the end of the year, the lessor declared a
forfeiture of the lease and also confessed a judgment in ejectment,

together with a money judgment of $2,500, being the alleged amount due for royalties for ten months under the provision of the lease providing for the yearly minimum. On a rule to mark the judgment satisfied the defendant claimed that no money was due by the defendant, except for the coal actually mined.

*Held,* that the terms of the lease which provided for the forfeiture alluded not only to the coal mined, but to coal as if mined on the basis of the said minimum royalty, and that the rule to satisfy the judgment was properly discharged.

Argued April 16, 1924. Appeal, No. 140, April T., 1924, by defendants, from judgment of C. P. Somerset Co., Sept. T., 1920, No. 20, discharging rule to show cause why judgment should not be marked satisfied in the case of H. H. Cassler v. John B. Denny, Jr., W. A. Vance and Lloyd G. McCrum. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to show cause why judgment entered on a coal lease should not be marked satisfied. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendants appealed.

*Error assigned* was the judgment of the court.

*Charles H. Ealy,* of *Uhl & Ealy,* for appellants, cited: Lowry v. Atlantic Coal Co., 272 Pa. 19; McMillin v. Titus, 222 Pa. 500; Kaufmann v. Liggett, 209 Pa. 87; Lindsay Brothers, Inc., v. Curtis Publishing Company, 236 Pa. 229; Wilson v. Peerless Co., 240 Pa. 473; McClintock & Irvine Company v. Ætna Explosives Company, 260 Pa. 191; Henderson v. Clay Mfg. Co., 24 Pa. Superior Ct. 422 (424); Meacham v. Gardner, 27 Pa. Superior Ct. 296; United States v. Behan, 110 U. S. 338 (4 Sup. Ct. Repr. 81).

*Joseph Levy,* for appellee.

OPINION BY TREXLER, J., July 2, 1924:

The defendants presented their petition to the lower court asking the court to mark a certain judgment satisfied. This judgment had been entered under a warrant contained in a lease. The parts of the lease involved in this controversy are as follows: 1st. "That the said lessees will, on or before the 25th day of each and every month pay to the said lessor for each and every ton of run of mine coal of two thousand pounds mined on the above described premises during the preceding month the sum of twenty cents royalty." 2d. "That they, the lessees covenant and agree to and with the lessor to mine and remove from the above described premises or to pay for the same as though mined and removed not less than fifteen thousand net tons in each and every year during the continuance of this agreement." 12th. "In the event of the failure of the lessees to make any one monthly payment of rental or royalty on coal mined or removed or to pay for the same as if mined and removed on the basis of the said minimum quantity, if such coal be not actually mined, within a period of thirty days after the date herein fixed for such payments the lessor may, at his option, terminate this agreement and declare all the rights and privileges herein granted as forfeited, whereafter the said rights and privileges shall cease and determine and this agreement shall be null and void and the lessor may thereupon immediately enter upon the said premises and take possession thereof using whatever force may be necessary for that purpose, without any liability whatever for damages for so doing." 13th. "If the lessees shall fail to pay the royalties as herein provided or shall fail to keep, perform and observe the terms, conditions and requirements of this agreement the said lessees hereby authorize and empower any attorney of any court of record to appear for them in an amicable action in ejectment and confess judgment thereon in favor of the lessor

and against the lessees for the premises covered hereby, with improvements and mining equipment thereon, and to immediately issue a writ of habere facias possessionem for the same with clause of fi. fa. for costs and royalties remaining due and unpaid, without leave of court first had and obtained waiving inquisition, exemption and stay laws, and with five per cent attorney's commission for costs." By virtue of the provisions contained in paragraph 13, the plaintiff on May 15, 1923, entered judgment for the demised premises and for the sum of $2,500 unpaid royalties with interest and costs. At that date, it is conceded, there had been a breach of the contract and there was due for royalty on coal actually mined at 20 cents per ton, the sum of $87.94. A fi. fa. was issued on the judgment and $286.50 realized to be applied to the debt. The question raised by the parties is whether the defendants are liable only for royalties for the coal actually mined, to wit, $87.94 or for the $2,500 royalty claimed by the plaintiff, which sum represents 10 months of royalties fixed at the basis of 15,000 tons per year minimum royalty as provided for in the second paragraph, above quoted. This is a petition to satisfy and it would seem that the only question before the court was not as to whether the judgment was entered for the correct amount, but whether the amount had been paid since the judgment was entered, but we will consider the question as presented by the parties. The court held that under the section of the lease, above set forth, it was evident that the amount of 15,000 tons net minimum royalty fixed for each year during the continuance of the agreement did not refer to the time of payment but merely furnished the basis for computing the amount, and that each month there must be accounting for a proportionate amount of the minimum royalty. The sentence, which the court invokes to support its position is part of the 12th paragraph, which we again quote: "In the event of the failure of the lessees to make any one monthly payment of rental or royalty on coal mined or

removed or to pay for the same as if mined and removed on the basis of the said minimum quantity, if such coal be not actually mined, within a period of 30 days after the date herein fixed for such payments the lessor may, at his option," etc.  If the proportionate part of the minimum royalty was due each month, then under the 13th section the amount stated in the judgment was due. At the time the judgment was entered 10 months of the current year had passed.  Was the plaintiff compelled, under the lease, to wait until the expiration of the year before he could require an accounting for the 15,000 tons?  It would seem that to give effect to the 12th paragraph, the minimum quantity was divisible and furnished the basis of settlement for each month.  We cannot escape the language which in providing for the failure to pay the monthly payment of rental or royalty alluded not only to the coal mined but to coal as if mined on the basis of the said minimum quantity.  This, to our minds, settles the question that the 15,000 net tons to be mined in each year was merely stating the amount upon which each monthly settlement was to be computed.  It is true, it may be argued, that the minimum royalty could have been stated as 1,250 tons a month, but this argument will not overcome the clearly expressed idea in the 12th paragraph, that settlement for the month was to be on the basis of said minimum quantity.  Both the royalty upon coal mined and coal which should have been mined under the minimum royalty clause formed part of the consideration for the lease. There is no place in the lease which provided for settlement at the end of any yearly period; there is no limitation as to time in the lease, there is a conferring of right to mine all the coal, but we find nothing that fixes the end of the year as a date of settlement, unless it be the fixing of the amount of minimum royalty at so much a year, and any inference of that kind is overcome by the definite statement in paragraph 12 that the minimum royalty should be included in the monthly statement.

The assignments of error are overruled and the order of the lower court is affirmed.  Appellants to pay the costs.